IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 63,352-01






EX PARTE ROBERT W. GARCIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM THE 140TH JUDICIAL DISTRICT COURT

OF LUBBOCK COUNTY



 

 Per Curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of intoxication assault in cause number 2000-434,901, and punishment was
assessed at seven years' confinement. Applicant's sentence was probated, and upon
revocation, the trial court assessed punishment at four years' confinement. No direct appeal
was taken.

 Applicant contends, inter alia, that his plea was rendered involuntary due to the
ineffective assistance of trial counsel. Specifically, Applicant contends that counsel coerced
him into pleading guilty.

 The trial court has entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order an affidavit,
depositions, or interrogatories from trial counsel, or it may order a hearing. In the
appropriate case the trial court may also rely on its personal recollection. The trial court shall
also forward any records regarding Applicant's guilty plea and the admonishments given
prior to the acceptance of the plea.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether trial counsel's performance was deficient and Applicant was coerced into
pleading guilty. The trial court shall also make any further findings of fact and conclusions
of law it deems relevant and appropriate to the disposition of the application for writ of
habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 1 DAY OF March, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.